**THOMPSON HINE LLP**
Edward T. DeLisle, Esquire
Kathryn E. Pettit, Esquire
1919 M. Street NW, Suite 700
Washington, DC 20036
*Counsel for G&C Fab-Con, LLC*
*and Everest Reinsurance Co.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES FOR THE USE OF COLORADO CUSTOM ROCK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>G&C FAB-CON, LLC and EVEREST REINSURANCE CO.,<br><br>Defendants. | CIVIL ACTION NO. 20-cv-2968-MAS-LHG<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS G&C FAB-CON, LLC AND EVEREST REINSURANCE CO.'S MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF <u>PLAINTIFF'S FORMER EMPLOYEE, CALEB BAUSERMAN, AT TRIAL</u>**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................1

II. FACTUAL BACKGROUND............................................................................1

III. LEGAL ARGUMENT ......................................................................................4

IV. CONCLUSION .................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Caruso v. Bally's Atl. City*,
    2019 U.S. Dist. LEXIS 35429 (D.N.J. 2019) ....................................................... 4

*Hurley v. Atlantic City Police Dep't*,
    174 F.3d 95 (3d Cir. 1999) .................................................................................. 4

*Jackson v. Mills*,
    1998 U.S. Dist. LEXIS 17500 (E.D. Pa. 1997) ................................................... 4

*JAT, Inc. v. Nat'l City Bank of the Midwest*,
    No. 06-CV-11937-DT, 2008 U.S. Dist. LEXIS 32759,
    2008 WL 1820841 (E.D. Mich. April 22, 2008) ................................................. 4

*Northbrook Excess and Surplus Insurance Co. v. The Procter and
    Gamble Co.*,
    1988 U.S. Dist LEXIS 14895 (N.D. Ill. Dec. 28, 1988) ...................................... 4

*Thompson v. Wagner*,
    2008 U.S. Dist. LEXIS 97608 (W.D. Pa. 2008) .................................................. 5

**Other Authorities**

FED. R. EVID. 403 ........................................................................................................ 5

Defendants G&C Fab-Con, LLC and Everest Reinsurance Co. respectfully move this Court for an Order precluding Plaintiff Colorado Custom Rock Corp.'s former employee, Caleb Bauserman, from testifying at trial, and in support aver as follows:

## I. INTRODUCTION

In the Pretrial Order, Plaintiff Colorado Custom Rock Corp. ("CCR") has listed its former employee Caleb Bauserman as a potential fact witness, even though his present whereabouts appear to be "unknown." Mr. Bauserman did not appear for a deposition during discovery in this matter. As a result, Mr. Bauserman should be precluded from testifying at the time of trial.

## II. FACTUAL BACKGROUND

This action arises from a federal construction project known as the Pike's Peak National Cemetery (the "Project"). The Project involved the construction of a United States Department of Veterans Affairs ("VA") national cemetery located in Colorado Springs, Colorado. G&C Fab-Con, LLC ("G&C") served as the prime contractor for the VA on the Project. G&C and CCR entered into a subcontract agreement (the "Subcontract"), wherein CCR was to provide certain masonry services at the Project.

A primary issue in this litigation is the discovery of extensive workmanship issues in the work performed by CCR on the Project, the most critical of which

included masonry walls being constructed significantly out of plumb, resulting in the VA rejecting all masonry walls that were out of specification. Caleb Bauserman was a supervisor for CCR during the most critical time frames in this lawsuit, that is, when CCR's defective work was performed, when the defective work was discovered, and when testing of the masonry walls at issue took place. Furthermore, Mr. Bauserman conducted a plumb bob survey himself, apparently in conjunction with other CCR personnel, and no evidence resulting from that survey was produced during discovery, despite Defendants' requests for the same.

In response to Defendants' First Set of Interrogatories directed to CCR in this matter, CCR indicated that Caleb Bauserman was a former supervisor who was responsible for supervising, reviewing, and approving CCR's work at the Project from the time CCR began performing services to the time G&C terminated CCR. In light of Mr. Bauserman's identification as a former employee who supervised, reviewed, and approved CCR's work, counsel for G&C requested the production of Mr. Bauserman for a deposition without the necessity of a subpoena. Counsel for CCR indicated that he would not be representing Mr. Bauserman as a former employee of CCR, and provided his last known address.

Defendants' counsel prepared a subpoena directed to Mr. Bauserman. A copy of that subpoena and correspondence enclosing same are collectively attached hereto as Exhibit "A." The subpoena requested Mr. Bauserman's remote attendance at a

deposition on March 9, 2021. *See* Exhibit A. The correspondence enclosing the subpoena also requested that Mr. Bauserman contact Defendants' counsel such that Mr. Bauserman could be provided a remote proceeding link. *See* Exhibit A. The deposition subpoena was served on Mr. Bauserman on February 27, 2021. *See* Affidavit of Service, a copy of which is attached hereto as Exhibit "B."

At no time between service of the deposition subpoena and the date of his deposition, did Mr. Bauserman contact Defendants' counsel. At no time between service of the deposition subpoena and the date of his deposition did Mr. Bauserman return the undersigned counsel's phone calls and voicemail messages requesting confirmation of his availability on March 9, 2021 or, alternatively, requesting to discuss a mutually agreeable date to reschedule his deposition. At no point between service of the deposition subpoena and the date of his deposition did Mr. Bauserman raise any objection to the deposition subpoena. Mr. Bauserman's remote deposition on March 9, 2021 was unable to proceed as Mr. Bauserman did not take the appropriate steps to be provided with a remote proceeding link to attend the deposition.

As a result, Mr. Bauserman was not deposed during this litigation, despite Defendants' subpoena compelling his attendance.

## III.  LEGAL ARGUMENT

Trial judges are afforded wide discretion in making rulings on the admissibility of evidence. *See Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 110 (3d Cir. 1999) (citing FED. R. EVID. 403). Mr. Bauserman should be precluded from testifying at trial because he failed to appear for his deposition during discovery. "A court surely can bar the testimony of a witness who refuses to submit to a deposition or to produce the materials he reviewed prior to testifying." *See Northbrook Excess and Surplus Insurance Co. v. The Procter and Gamble Co.*, 1988 U.S. Dist LEXIS 14895, *3-4 (N.D. Ill. Dec. 28, 1988). Indeed, "Defendants should have had the opportunity to depose Plaintiff's material witness on important issues prior to the close of discovery." *JAT, Inc. v. Nat'l City Bank of the Midwest*, No. 06-CV-11937-DT, 2008 U.S. Dist. LEXIS 32759, 2008 WL 1820841, at *3 (E.D. Mich. April 22, 2008). This is consistent with caselaw in the Third Circuit. *See Caruso v. Bally's Atl. City*, 2019 U.S. Dist. LEXIS 35429, *6 (D.N.J. 2019)(barring a witness from testifying at trial when he failed to appear for his deposition twice because it would create unfair surprise, among other reasons); *Jackson v. Mills*, 1998 U.S. Dist. LEXIS 17500 (E.D. Pa. 1997)(while the Court denied the Defendants' Motion *in Limine* because it found Plaintiff's counsel had cooperated with defendant's counsel and made its notes available, the Court noted that the witness' failure to appear and attempts to evade service made it "quite

4

unlikely that he [would] be permitted to testify at any trial without first submitting to a defense deposition.") At a minimum, Defendants' counsel must be permitted to depose Mr. Bauserman prior to his testimony at trial. *See Thompson v. Wagner*, 2008 U.S. Dist. LEXIS 97608 (W.D. Pa. 2008).

Because Mr. Bauserman being presented as a trial witness when he failed to appear for a deposition during discovery would create unfair surprise and undue prejudice to Defendants, he should be precluded from testifying at the time of trial in this matter. FED. R. EVID. 403. Alternatively, Defendants at a minimum must be afforded the ability to depose him prior to trial.

## IV.   CONCLUSION

Based on the foregoing, Defendant G&C Fab-Con, LLC and Everest Reinsurance Co. respectfully request that this Honorable Court grant its motion *in limine* precluding Mr. Bauserman from testifying at trial.

THOMPSON HINE LLP

*/s/ Kathryn E. Pettit*
Edward T. DeLisle, Esquire
Kathryn E. Pettit, Esquire
1919 M. Street NW, Suite 700
Washington, DC 20036
*Counsel for G&C Fab-Con, LLC
and Everest Reinsurance Co.*

Date:  August 10, 2023

5